Gunter Geiger Systems, Ltd., Appellant, *v.*
Aristocrat Upholstery Co., Inc.

Argued December 7, 1971. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Marvin L. Wilenzik,* with him *Morris Gerber,* and
*Gerber, Davenport & Wilenzik,* for appellants.

*Martin G. Heckler,* with him *Waters, Fleer, Cooper
& Gallager,* for appellee.

OPINION PER CURIAM, March 30, 1972:
Order affirmed.

———

DISSENTING OPINION BY MONTGOMERY, J.:
This is an action in mechanics lien filed by claim-
ant-appellant Gunter Geiger Systems, Ltd. (Geiger),
against Aristocrat Upholstery Co., Inc., owner-appellee
(Aristocrat). The lower court dismissed the claim on
the basis of preliminary objections filed by Aristocrat.

The lower court in dismissing the claim relied on a fact pleaded in Aristocrat's preliminary objection, that is, paragraph 2 thereof, "On the date the last work was performed by Gunter Geiger Systems Ltd. (which was with regard to the preparation of drawings and specifications for a proposed factory building of Aristocrat Upholstery Co., Inc.) no construction contract had been awarded and no work on the proposed building had commenced on the ground." It applied its interpretation of the Mechanics' Lien Law of August 24, 1963, P. L. 1175, No. 497, art. II, §201, 49 P.S. §1201(4) : " 'Contractor' means one who, by contract with the owner, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. The term also includes an architect or engineer who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or supervises any such erection, construction, alteration or repair." In effect, the lower court held that, since there could not have been any supervision of construction, Geiger as architect of the project could not file a mechanics' lien under the law.

I am dissenting for the reason that I believe that the question of the interpretation of §1201(4) of the Mechanics' Lien Law of 1963 is not properly before us now for decision,[1] and that the lower court erroneously decided the case on that issue. My position is based

---

[1] The appellee argued the point extensively in its brief, but the appellant, in my opinion, has not conceded in its brief, either in argument or its statement of questions, that the matter is at issue.

on the fact that I believe it was improper for the lower court to rely on a fact given in a preliminary objection which could not be considered under §505 of the Act, which provides, "Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act." 49 P.S. §1505. The latter provision is an extension of the general procedural law as to preliminary objections, as stated in 4 Standard Pennsylvania Practice 23, "The preliminary objections in the nature of a motion to strike, a motion for more specific pleading, and a demurrer will not aver facts which are not of record; these defects will appear on the face of the pleading being attacked. An answer will not be appropriate to these objections."

Examining the pleadings in the light of the above principles, I am constrained to conclude that, since Aristocrat's preliminary objection is not brought to show "exemption or immunity of the property from lien, or for lack of conformity with this act," and is entirely in the nature of a demurrer to Geiger's claim, it is improper to allege any facts in the preliminary objection and the court should have ignored any facts so alleged. Furthermore, the complaint otherwise states a valid cause of action in mechanics' lien.

Therefore, I respectfully dissent.

JACOBS, J., joins in this dissenting opinion.